UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRENDA L. MCELROY** | **CIVIL ACTION NO. 13-1348** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **PHM CORPORATION** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

This is an employment discrimination case brought by Plaintiff Brenda L. McElroy ("McElroy") against her former employer, Defendant PHM Corporation ("PHM"). McElroy asserts a claim of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* McElroy alleged that she was subjected to race discrimination because she was denied leave for menstrual bleeding and cramping and that PHM's actions rose to the level of constructive discharge. She also asserted that she suffered pay disparity based on her race. Finally, she asserted that the denial of leave constituted a violation of FMLA.

On November 21, 2014, the Court issued a Ruling [Doc. No. 32] and Judgment [Doc. No. 33] granting PHM's Motion for Summary Judgment and dismissing McElory's claims with prejudice.

On December 4, 2014, McElroy filed the instant Motion to Reconsider Dismissal ("Motion to Reconsider") [Doc. No. 34]. McElroy does not challenge the Court's dismissal of her FMLA claim as barred by the statute of limitations, but contends the Court improperly dismissed her Title VII race discrimination claims. McElroy argues that the Court "failed to construe conflicting facts

in favor [of McElroy], . . . the nonmovant" and "relied upon an affidavit for the employer that conflicts with prior testimony of an employee who supervised [McElroy]." *Id.* On December 29, 2014, PHM filed a Memorandum in Opposition to the Motion to Reconsider. [Doc. No. 36]. McElroy did not file a reply.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. After the 2009 amendments to the Rules, such a motion filed within twenty-eight (28) days of the Court's Judgment is construed as a motion to alter or amend a judgment under Rule 59(e). *See Ysais v. Richardson*, 603 F.3d 1175, 1178 & nn.2-3 (10th Cir. 2010).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (modification in original). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995))).

In her Motion to Reconsider, McElroy raises two issues: (1) that the Court did not view the evidence in the light most favorable to her as non-movant and (2) that the Court improperly relied on the affidavit of Dena LaBorde ("LaBorde") when that affidavit conflicted with the testimony of

McElroy's former supervisor, Megan Terrell ("Terrell"). In the Ruling, the Court stated that it accepted McElroy's version of events on the day she left work that she saw Terrell close the blinds, and no one answered the locked door when she knocked. However, McElroy contends that the Court ignored this evidence when ruling that her request for leave was "delayed, not denied." She contends further that the Court's Ruling ignored the requirement for approval from a supervisor before leaving the premises. Under these facts, McElroy contends that she has raised a genuine issue of material fact for trial that she was denied leave and that she suffered intolerable work conditions sufficient to constitute constructive discharge.

With regard to her pay disparity claim, McElroy argues that LaBorde's affidavit is inconsistent with Terrell's testimony. According to McElroy, Terrell testified that the patient workload was not important in determining wages and that McElroy and the Activities Director, Regina White ("White"), determined the workload between themselves. However, McElroy argues that the Court has accepted the averments of LaBorde in her affidavit about the differing workloads of the two employees. Regardless, McElroy argues that the LaBorde affidavit does not show why she started at a lower wage than White when she worked in Activities before the dementia unit was opened.

In its opposition, PHM responds that the Court did not ignore McElroy's inability to speak with her supervisor, Terrell, before leaving work. PHM correctly points out that the Court deemed this fact insufficient to a create a genuine issue of material fact for trial on her claim of constructive discharge. PHM then points to the competent summary judgment evidence in the record supporting the Court's decision that no reasonable person would have felt compelled to resign under the facts.

With regard to her claim of pay disparity, PHM responds that the LaBorde affidavit and

Terrell deposition testimony were **not** inconsistent. PHM points out that Terrell testified only that White and McElroy were allowed to divide their workload between themselves, not that the actual patient workload was unimportant in determining wages. LaBorde's affidavit was offered to authenticate PHM activities notes and care plan sign-in sheets, which show that White spent more time with residents than McElroy did. PHM then points to the available competent summary judgment evidence supporting the Court's determination that the two employees were not similarly situated.

The Court has reviewed the parties' arguments and the record in this matter and finds no reason to set aside or modify its previous Ruling on PHM's Motion for Summary Judgment. In its Ruling, the Court presented the facts as alleged by McElroy, stating:

> Although McElroy returned to work, her heavy bleeding continued and caused staining on her pants. McElroy returned to Terrell's office, but saw Terrell close the blinds as she approached. McElroy contends that the door was locked, and no one answered when she knocked.[1]
>
> McElroy believed that she would be disobeying a direct order if she left, but felt that she could not remain in public. . . .

[Doc. No. 32, p. 5]. Thus, the Court accepted McElroy's testimony about the events on her last day of employment with PHM. The Court was aware of, although it did not specifically refer to, PHM's policy that employees obtain permission from their supervisor before leaving. However, even that additional fact does not convert McElroy's resignation into a constructive discharge. Although McElroy "could" have been disciplined, according to her affidavit, if she left without permission, there is no evidence that she was or would have been disciplined because she resigned.

---

[1] Because this fact is apparently disputed, the Court accepts McElroy's representations as non-movant for purposes of summary judgment.

Further, to the extent that McElroy takes issue with the Court's characterization of PHM's action with regard to her request for leave as "delayed, not denied," the Court stands by its previous ruling. She had requested leave earlier in the day, but Terrell had asked her to stay until the completion of the survey at 3:00 p.m. *See* [Doc. No. 23, McElroy Depo., Attachment #4, p. 106 (A: ". . . So, [Terrell] said, 'If you'll stay until 3:00, then you can leave,' . . .")]. When McElroy's condition worsened, she never requested leave from anyone at PHM. Even if Terrell's office door was locked, and she could not get anyone to respond to her, her next action was to prepare a resignation letter and present it to Tamika Butler in Human Resources, not to request leave from Ms. Butler or to request that Ms. Butler explain to anyone else that her medical condition required her to leave. While McElroy may characterize her leave as having been denied, the Court still finds that the **facts** are undisputed.

Nevertheless, even if McElroy was denied leave on her last day of employment, the Court further found that she could not show that employees of another race were treated more favorably with regard to leave, so dismissal of her claim would still be appropriate.

With regard to the pay disparity claim, the Court stands by its previous ruling and finds no reason to further expand upon that ruling here.

Thus, for these reasons, McElroy's Motion to Reconsider [Doc. No. 34] is DENIED.

MONROE, LOUISIANA, this 23rd day of January, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE